[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, at Bridgeport, Docket No. 34, 261;
 Arnaldo Granados, Esq., Assistant Public Defender, for Petitioner. Jonathan Benedict, Esq., Assistant State's Attorney, for the State. Sentence Affirmed.
BY THE DIVISION: The petitioner, who was twenty-one (21) years old at the time of sentencing, was convicted by a jury of Possession of Narcotics with Intent to Sell by a Non-Drug Dependent Person [Conn. Gen. Stat. Sec. 21a-278 (b)], CT Page 5392 and Possession of Marijuana [Conn. Gen. Stat. Sec.21a-279 (c)].
He was sentenced to a term of thirteen (13) years for the narcotics Court and one (1) year consecutive for the marijuana charge for a total effective sentence of fourteen (14) years.
The petitioner was a passenger in a motor vehicle which was stopped for a stolen registration plate. Ninety-four (94) vials of suspected "crack" cocaine were found in the vehicle and, separately, five additional vials in the area of the car where the petitioner was located. The petitioner and another passenger were arrested and taken to the police station. There the petitioner was seen discarding another ninety-four (94) vials of cocaine and two (2) bags of marijuana in the booking room trash can. This action led to his conviction.
Petitioner claims that his sentence is disproportionate to that of the other passenger, who pled guilty to one Count of Possession of Narcotics with Intent to Sell in violation of Conn. Gen. Stat. 21a-277 (a). It should be noted that the petitioner's conviction was of a more serious nature. The co-defendant was sentenced to twelve (12) years, execution suspended after four (4), Probation for five (5) years. His P.S.I., which was provided to the Division, indicates a history of drug abuse on the part of the co-defendant, and while he is older than the petitioner (which may explain a criminal record going back to 1977, his last prior conviction was in 1987 for a larceny, fifth degree. He has no prior drug convictions.
While the petitioner should not be punished for going to trial in his case, a person who pleads guilty, by acknowledging his guilt, at least has taken the first step toward rehabilitation and is properly given consideration for that.
The petitioner also asks the Division to consider a sentence more rehabilitative in nature that the one imposed however, we point out that he did, in fact, receive a "rehabilitative" sentence in 1986, when on a conviction of Possession of Narcotics with Intent to Sell, he received a sentence of eight (8) years, execution suspended after three (3) years and probation for five (5). He was released to Supervised Home Release from that sentence July 22, 1988. The present offense occurred on January 9, 1989 while he was still in the Supervised Home Release Program. It is apparent that when given the opportunity to take advantage of a CT Page 5393 rehabilitative sentence, the petitioner abused the trust.
When imposing the fourteen (14) year sentence in this case the Court was aware that the 1986 sentence was still in effect and terminated that prior probation.
Having received an eight (8) year sentence which was still in effect, and having the temerity to commit a similar crime just months after being trusted to community release, and considering the large quantity of cocaine involved, and the conviction of the more serious violation of Sec.21a-278 (b), it is reasonable to expect that a substantially more severe sentence should be imposed for the newest offense.
Under all the circumstances of this case including the character of the defendant as well as the deterrent, rehabilitative, and punitive purposes of incarceration, and the need for protection of the public, the sentence imposed is appropriate and it is affirmed.
Purtill, Klaczak and Barry, J.s participated in this decision.